AMERICAN TOWERS, INC., Plaintiff

v.

TOWN OF FALMOUTH,
MAINE, Defendant

No. 01–278–P–H.

United States District Court,
D. Maine.

Aug. 7, 2002.

Dan W. Thornhill, McEachern & Thornhill, Kittery, ME, Jonathan S. Springer, Shaines & McEachern, Portsmouth, NH, for American Towers Inc, plaintiff.

John Graustein, William L. Plouffe, Drummond, Woodsum & MacMahon, Portland, ME, for Falmouth, Town of defendant.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on July 18, 2002, with copies to counsel, his Recommended Decision on Cross-Motions for Summary Judgment. The time within which to file objections expired on August 5, 2002, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.

So ORDERED.

## *RECOMMENDED DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT*

COHEN, United States Magistrate Judge.

The parties in this action alleging violation of the Federal Telecommunications Act of 1996 both move for summary judgment. I recommend that the court grant the defendant's motion and deny that of the plaintiff.[1]

### I. Summary Judgment Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

"In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

The mere fact that both parties seek summary judgment does not render sum-

---

1. The plaintiff appears to assume that a hearing will be scheduled on its motion. Plaintiff's Motion for Summary Judgment [sic] (Docket No. 8) at 2. That is not the practice in this court. Local Rule 7(f). Construing the plaintiff's submission as a request for oral argument, I conclude that the parties' papers provide a sufficient basis on which to decide the motion and deny the request for oral argument before me.

mary judgment inappropriate. 10A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* ("Wright, Miller & Kane") § 2720 at 327–28 (3d ed.1998). For those issues subject to cross-motions for summary judgment, "the court must consider each motion separately, drawing inferences against each movant in turn." *Merchants Ins. Co. of New Hampshire, Inc. v. United States Fidelity & Guar. Co.*, 143 F.3d 5, 7 (1st Cir.1998) (citation omitted). If there are any genuine issues of material fact, both motions must be denied as to the affected issue or issues of law; if not, one party is entitled to judgment as a matter of law. 10A Wright, Miller & Kane § 2720.

## II. Factual Background

The following undisputed material facts are relevant to the basis for my recommendation that the defendant's motion for summary judgment be granted.

The plaintiff, American Towers, Inc., is a Delaware corporation with its headquarters in Boston, Massachusetts. Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment ("Defendant's SMF") (Docket No. 7) ¶ 1; Plaintiff's Opposing Statement of Material Facts ("Plaintiff's Opposing SMF") (Docket No. 16) ¶ 1. The plaintiff owns or leases approximately 13,600 telecommunications towers in the United States, Mexico and Brazil. *Id.* The plaintiff's primary business is leasing out space on its owned or leased towers to wireless and broadcast companies. *Id.* ¶ 2. The defendant, the Town of Falmouth, is a Maine municipal corporation. *Id.* ¶ 4.

On August 22, 2001, American Tower, L.P. submitted an application for a variance to construct a 170–foot tower on the Gordon property near Middle Road in Falmouth. *Id.* ¶¶ 5, 7. In connection with that application, the applicant submitted an option and lease agreement dated February 10, 2000 between the landowners (the Gordons) and American Tower, L.P., a Delaware limited partnership. *Id.* ¶ 9. The variance was denied on the ground that the Falmouth zoning ordinance does not allow use variances. *Id.* ¶ 8.

The town's zoning ordinance limits transmission towers to parcels in the Farm and Forest District with a base elevation of 400 feet above sea level. Plaintiff's Statement of Material Facts ("Plaintiff's SMF") (Docket No. 9) ¶¶ 1–2; Defendant's Opposing Statement of Material Facts, etc. ("Defendant's Opposing SMF") (Docket No. 19) ¶¶ 1–2. Only two areas of Falmouth meet these requirements. *Id.* ¶ 2. There is no area on the Gordon property with a base elevation of 400 feet or higher. *Id.* ¶ 30.

The sole general partner of American Tower, L.P. is ATC GP, Inc. Affidavit [of Martin R. Cohen] (Docket No. 17) ¶ 5. ATC GP, Inc. and American Towers, Inc., the plaintiff in this action, are wholly-owned subsidiaries of American Tower Corporation. *Id.* ¶ 6.

## III. Discussion

The complaint alleges that the defendant town's zoning ordinance on its face violates 47 U.S.C. § 332 (part of the Telecommunications Act of 1996) because it prohibits the location of a personal wireless service facility on the eastern side of the town, thereby creating a gap in coverage, Complaint ¶ 41, and that the refusal of the town's zoning board of appeals to grant a variance for a tower on the Gordon property violated the Act for the same reason, *id.* ¶ 42.

Among many other arguments, the town contends in its motion for summary judgment that the plaintiff, American Towers, Inc., lacks standing to bring this action because it is not the party that applied for the variance, American Tower, L.P. Defendant's Motion for Summary Judgment, etc. (Docket No. 6) at 19–20. The plaintiff

responds that it has standing because both it and the sole general partner of the applicant are wholly-owned subsidiaries of the same corporate parent and that "an injury to one American Tower entity is an injury to all." Plaintiff's Objection to Defendant's Motion for Summary Judgment, etc. (Docket No. 15) at 6–7. The plaintiff cites case law concerning motions to dismiss for lack of standing in support of its position, *id.* at 3, but the applicable test when the issue is raised in a motion for summary judgment is different. The plaintiff cannot rest on its pleadings in this situation.

■ Constitutional standing limitations require that a plaintiff have suffered "a distinct and palpable injury" in order to pursue a claim in federal court. *Conservation Law Found. of New England, Inc. v. Reilly,* 950 F.2d 38, 40 (1st Cir.1991). "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights...." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). "An individual plaintiff must show that he himself has been injured." *Munoz–Mendoza v. Pierce,* 711 F.2d 421, 424 (1st Cir.1983). The ultimate burden of proving injury rests with the plaintiff, and a defendant may obtain summary judgment on the ground of lack of standing "unless affidavits or other submissions indicate that a genuine issue of material fact exists concerning standing." *Id.* at 425.

■ "[I]njury arising solely out of harm done to a subsidiary corporation is generally insufficient to confer standing ... on a parent corporation." *Classic Communications, Inc. v. Rural Tel. Serv. Co.,* 956 F.Supp. 910, 916 (D.Kan.1997). *See generally Site Microsurgical Sys., Inc. v. Cooper Cos.,* 797 F.Supp. 333, 337–38 (D.Del. 1992). If that is the case, the even more attenuated relationship between a subsidiary and a subsidiary of a separate subsidiary of a parent corporation cannot possibly support the assertion of a claim by the former when the injury, if any, was suffered by the latter. The plaintiff's argument would allow corporations to ignore their corporate status at their convenience, a notice antithetical to the theoretical underpinnings of corporate law.[2] *See EMI Ltd. v. Bennett,* 738 F.2d 994, 997–98 (9th Cir.1984).

Because American Towers, Inc. lacks standing to bring the claims asserted in the complaint, this court lacks subject matter jurisdiction. The plaintiff's motion for summary judgment must accordingly be denied and the defendant's motion for summary judgment granted.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED.[3]

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's*

---

**2.** The plaintiff also points out, in support of its position, that the application submitted by American Tower, L.P. "expressly reveals that American Towers [sic] LP is directly related to American Tower Corporation," and that "the applicant should have been identified as American Towers, Inc." Plaintiff's Opposition at 6–7. Neither of these points has any bearing on the standing issue. Whether the defendant knew who the applicant's parent corpo-

ration was (particularly when the application did not mention the corporation that is the plaintiff here or its relationship to the parent corporation) and whether the wrong applicant was named in the application have no bearing on the question of the identity of the party that was injured in fact by the defendant.

**3.** In the event that this action is refiled by the appropriate plaintiff, counsel for the plaintiff

*report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

July 18, 2002.

is advised that this court's Local Rule 56(c) requires that a denial in an opposing statement of material facts be itself supported by a record citation in the manner prescribed by Local Rule 56(e); a bare denial followed by a qualification is insufficient. *See* Plaintiff's Opposing SMF ¶¶ 18, 28, 30, 34, 36, 50. In addition, hearsay will not be considered in connection with a motion for summary judgment when an objection to such material is asserted by the opposing party. *See, e.g.,*

Plaintiff's SMF ¶¶ 7–8, 11, 13, 39, 40–42; Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 18) at 2–7. Finally, when a moving party does not respond to an opposing party's statement of additional facts submitted pursuant to Local Rule 56(c), *see* Defendant's Statement of Additional Facts (included in Defendant's Opposing SMF at pages 7–16), those facts will be deemed admitted to the extent properly supported by record citations, Local Rule 56(e).